ENOCH O. GREENLEAF, Administrator *de bonis non*,

vs.

GEORGE GROUNDER.

Androscoggin.    Opinion October 13, 1891.

*New Trial.   Impeaching witness.   Practice.*

When a party asks for a new trial on the ground of newly discovered evidence, the burden is upon him to satisfy the court that the evidence is credible, and that its non-production at the former trial was not owing to a want of diligence on his part.

On motion for a new trial on the ground of a newly discovered witness, who will testify to important facts, evidence impeaching the credibility of the witness is admissible.

ON MOTIONS AND EXCEPTIONS.

This was an action of trover to recover certain goods and chattels claimed by the plaintiff as adminstrator *de bonis non*, of the estate of Benjamin Lowell, deceased.   The verdict was for the plaintiff, and the defendant filed exceptions and a general motion for a new trial.   The exceptions were to the ruling of the presiding justice that the plaintiff could maintain the action in his capacity of administrator *de bonis non*, if the jury were satisfied that the chattels in question were the property of Benjamin Lowell, and had been converted by the defendant, and had not been administered upon by the former administrator.

The defendant claimed the goods under a bill of sale, purporting to be signed by said Lowell, the genuineness of which signature was denied by the plaintiff.   Later in the term the defendant filed a special motion for a new trial on the ground of newly discovered, material evidence unknown to him or his attorneys at the time of the trial, and could not have been discovered by them in the exercise of reasonable diligence. The affidavit of the defendant, filed in support of the motion, states that the newly discovered witness called at Lowell's house some time in April, 1888, and while there saw Lowell sign a paper which the defendant believes said witness can substantially identify as the paper the signature to which is claimed by the plaintiff as not genuine, also that the witness saw said Lowell

deliver said paper to the defendant. The deposition of this witness together with the depositions of witnesses impeaching him, taken subject to the defendant's objections, were filed in the case.

*H. L. Whitcomb*, *D. J. McGillicuddy* with him, for defendant.

*E. O. Greenleaf*, *J. C. Holman* with him, for plaintiff.

WALTON, J. When a party asks for a new trial on the ground of newly discovered evidence, the burden is upon him to satisfy the court that the evidence is credible, and that its non-production at the former trial was not owing to a want of diligence on his part. *Woodis* v. *Jordan*, 62 Maine, 490.

And on motion for a new trial on the ground of a newly discovered witness, who will testify to important facts, evidence impeaching the credibility of the witness is admissible. *Parker* v. *Hardy*, 24 Pick. 246.

In the present case, the defendant claims that since the former trial he has discovered a witness who will testify to new and important facts. Of the importance of his testimony, if it is true, there can be no doubt. But we find it impossible to believe that it is true. It seems to us to be in the highest degree incredible. And the character of the witness for truth is thoroughly impeached. But, if true, no reason is perceived why the testimony could not have been produced, by the use of due diligence, at the former trial. It relates to the signing and delivery of a paper to the defendant. If such a paper was delivered to the defendant in the presence of the witness, as the latter testifies, the fact must have been known to the defendant himself as well as to the witness, and the fact was one of too much importance to the defendant for us to believe that he could have forgotten it. And the fact that the witness was not called at the former trial, and that, so far as appears, no search was made for him, or efforts made to procure his testimony, confirm us in the belief that his testimony is not true, and that it is newly invented, not newly discovered.

And we do not think the verdict is so clearly against the weight of evidence as to entitle the defendant to another trial

on that ground. On the contrary, we think the evidence fairly preponderates in favor of the verdict.

The exceptions have not been argued, and we have no doubt that the ruling excepted to was correct. Consequently, the entry must be,

*Motions and exceptions overruled.*

*Judgment on the verdict.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.